UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Estate of Joseph Thiel, Deceased,

    Plaintiff,

vs                                              Case No: 09-12399
                                                Honorable Victoria A. Roberts

Sterling Heights, et al,

    Defendants.
_____/

## ORDER

**I.    INTRODUCTION**

This matter is before the Court on Defendants' Motion for Judgment on the Pleadings. The matter is fully briefed. For the reasons stated, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

**II.    BACKGROUND**

This is a civil rights action involving claims of excessive and deadly force. Plaintiff Jerome Thiel ("Plaintiff"), Personal Representative of the Estate of Joseph Thiel, brings suit against Defendants City of Sterling Heights ("the City"); the Sterling Heights Police Department; and, Sterling Heights police officers Maureen Merpi ("Merpi") and Tonya Jesperson ("Jesperson") for the shooting death of his brother, Joseph Thiel ("Thiel").

The Complaint alleges: Count 1 - Violation of 42 U.S.C. §1983 and the Eighth and Fourteenth Amendments to the United States Constitution; Count 2 - Gross

1

Negligence and/or Battery and/or Intentional Infliction of Emotional Distress; and, Count 3 - Violation of Fourth Amendment Protection from Illegal Search and Seizure.

Thiel, a 51 year old single man and 25-year resident of Sterling Heights, was shot and killed in front of his home following a traffic stop on January 24, 2009. Merpi and Jesperson say they shot Thiel because he exited his car and charged at them with a knife. Plaintiff disputes this version. There are no known independent witnesses to the incident. However, the incident was partially captured by in-car police video and audio recordings.

Defendants filed an Answer and now move for Judgment on the Pleadings, pursuant to Federal Rule of Civil Procedure 12(c). They say the Complaint fails to state a sufficient factual basis for the Court to determine that a Constitutional violation occurred, and they are entitled to qualified immunity.

### III. STANDARD OF REVIEW

Generally, a motion for judgment on the pleadings under Rule 12(c) is reviewed under the same standard as a motion to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d, 291, 295-96 (6th Cir. 2008). To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). The court "need not accept the plaintiff's legal conclusions or unwarranted factual inferences as true. *Id*.

The court must construe the complaint in the light most favorable to the plaintiff, and, for the purposes of the motion, accept all factual allegations as true. *Central States*

*Pension Fund v. Mahoning Nat'l Bank*, 112 F.3d 252, 255 (6th Cir. 1997). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1970, 167 L. Ed. 2d 929 (2007).

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 550 U.S. at 563 n.8. The function of the court in ruling on such a motion is not to weigh the evidence, nor to appraise the credibility of witnesses. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Rather, the court is simply to determine "whether a complaint states a plausible claim for relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

If matters outside the pleadings are presented to and not excluded by the Court, the motion may be treated as one for summary judgment and disposed of as provided in Rule 56." Fed. R. Civ. P. 12(d). The Court has "complete discretion" whether or not to consider any material beyond the pleadings which is submitted with a Rule 12[(c)]motion. *Stahl v. U.S. Dept. of Agriculture*, 327 F.3d 697, 700-701 (8th Cir. 2003) (quoting 5A Wright & Miller, Federal Practice and Procedure, § 1366).

Defendants heavily rely on numerous exhibits attached to the motion, namely various police reports and two in-car police video and audio recordings. They say the Court can consider them as public records, pursuant to *Amini v. Oberlin College*, 259

3

F.3d 493 (6th Cir. 2001).  However, the materials which they characterize as "public records" are of a different character from those typically admitted by judicial notice. *Gudenas v. Cervenik*, 2010 U.S. Dist. LEXIS 24487 at *11, n.3. (N.D. Ohio 2010).  The voluminous police reports are not based on personal knowledge, but rather represent the hearsay statements and/or observations of multiple police officers who arrived on the scene after the shooting.

Moreover, the actual shooting and the events immediately before it, are not captured on video.  And, by Defendants' own admission, the timestamp on one of the video recordings is inaccurate, and there is a discrepancy in the paramedics' arrival time as noted on the ambulance run sheet.

Lastly, the materials are not referred to in the Complaint and there is no integral document which is the basis of Plaintiff's claims. *Id.* at *11.  Accordingly, the Court finds that the extensive argumentation and exhibits in support of Defendants' motion for judgment on the pleadings, which is filed pursuant to Rule 12(c), are premature.  The Court does not rely on those materials to resolve the merits of the motion.

IV.   **ANALYSIS**

   **A. Claims against the Sterling Heights Police Department**

Police departments are not separate entities and cannot be sued in tort actions. *McPherson v. Fitzpatrick*, 63 Mich. App. 461, 463-464, 234 N.W.2d 566 (Mich. Ct. App. 1975).  Nor may police departments be sued under § 1983. *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir.1991).  Accordingly, Defendant Sterling Heights Police Department is dismissed because it is not a separate legal entity that can be sued.

### B. 42 U.S.C. § 1983 Claims

#### 1. Individual Defendants - Excessive Force

Plaintiff asserts a claim under 42 U.S.C. § 1983 against Merpi and Jesperson in their individual capacities based on Thiel's shooting and ultimate death.  Plaintiff claims they used excessive force under the circumstances.  Merpi and Jesperson counter that Plaintiff's allegations are insufficient to withstand a Rule 12(c) motion and that they are entitled to qualified immunity.

In order to prevail on a civil rights claim under 42 U.S.C. § 1983, a plaintiff must establish that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Everson v. Leis*, 556 F.3d 484, 493 (6th Cir. 2009).  For there to be a cognizable excessive force claim under the Fourth Amendment, a seizure must occur. *Dunigan v. Noble*, 390 F.3d 486, 492 (6th Cir. 2004).  Apprehension by the use of deadly force constitutes a seizure within the meaning of the Fourth Amendment. *Tennessee v. Garner*, 471 U.S. 1, 7, 85 L. Ed. 2d 1, 105 S. Ct. 1694 (1985).

The use of deadly force is only constitutionally permissible if the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others. *Livermore v. Lubelan*, 476 F.3d 397, 404 (6th Cir. 2007) (quoting *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S. Ct. 1694, 85 L. Ed. 2d 1 (1985)). An officer using deadly force is entitled to qualified immunity if "a reasonable officer could have believed [the seizure) to be lawful, in light of clearly established law and the information the [seizing] officer possessed." *Hunter v. Bryant*, 502 U.S. 224, 116 L. Ed. 2d 589, 112 S. Ct. 534 (1991).

The Complaint alleges, upon information and belief, that Joseph "Thiel exited his vehicle and, within (sic) matter of seconds, was fatally shot multiple times by Officer Merpi and Officer Jesperson. Comp. at ¶17.  Plaintiff further alleges that "the shooting of Thiel occurred without any provocation on Thiel's part," or alternatively that "the shooting of Thiel occurred without sufficient provocation on Thiel's part to justify the use of deadly force." Comp. at ¶20, 21.

Defendants make light of the fact that Plaintiff provides no independent witnesses or disputable evidence for his allegations.  However, that is of no consequence.  On a Rule 12(c) motion, the court must "construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claim that would entitle him to relief. "*Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001 ).

On these facts and at this stage of the cause of action, Plaintiff states a plausible excessive force claim.  The Court cannot affirmatively state the doctrine of qualified immunity shield Defendants from Plaintiff's claim. Therefore, the motion for judgment on the pleadings on this claim is **DENIED**.

### b.  Municipal Liability – Failure to Train/Official Policy

Plaintiff's § 1983 claim against the City of Sterling Heights is based on Merpi's and Jesperson's use of deadly force against Thiel, and their alleged violation of the City's "official policies, training, ordinances, regulations and/or customs."  The City says (1) it cannot be liable merely because it employs Merpi and Jesperson, (2) the

6

Complaint is deficient because it does not state what "policy" was violated, and (3) this claim must be dismissed to the extent the underlying constitutional claims are dismissed.

*Respondeat superior* does not apply to municipalities for claims under § 1983. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). Rather, a municipality is liable under § 1983 only if a plaintiff can establish that an officially executed policy or the toleration of a custom within the municipality deprived the plaintiff of that right. *Id.* at 691. Thus, Plaintiff must establish that: (1) a constitutional violation occurred; and (2) the City is responsible for the violation. *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir. 2004) (quoting *Monell*, 436 U.S. at 694.

Liability may also be imposed upon a municipality on the basis of failure to train, where the "failure to train amounts to deliberate indifference." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 900 (6th Cir. 2005). "To succeed on a failure to train or supervise claim, a plaintiff must prove the following: (1) the training or supervision was inadequate for the tasks performed; (2) the inadequacy was the result of the municipality's deliberate indifference; and (3) the inadequacy was closely related to or actually caused the injury." *Ellis v. Cleveland Mun. Sch. Dist.*, 455 F.3d 690, 700 (6th Cir. 2006) (citing *Russo v. City of Cincinnati*, 953 F.2d 1036, 1046 (6th Cir. 1992)).

"There must be a 'direct causal link' between the policy (or lack of policy) and the alleged constitutional violation such that the County's 'deliberate conduct' can be deemed the 'moving force' behind the violation." *Graham*, 358 F.3d at 383 (citing *Waters v. City of Morristown*, 242 F.3d 353, 362 (6th Cir. 2001)).

7

The Complaint alleges that "the defendants personally violated the City of Sterling Heights Police Department official policies, training, ordinances, regulations and/or customs and were deliberately indifferent to the need to follow these policies to prevent the occurrence described herein." Comp. at ¶27. Alternatively, the Complaint alleges the acts by the defendants were pursuant to a custom and/or policy of the City of Sterling Heights Police Department that encourages deliberate and/or reckless disregard of the rights of a citizen. Comp. at ¶28.

The Complaint also alleges the City was deliberately indifferent to Thiel and caused constitutional deprivations of his rights by, among other things: (1) failing to "train agents and/or employees in the proper determination of dangerous individuals as opposed to non-dangerous individuals . . ." Comp. at ¶33a; (2) failing "to adequately train agents and/or employees to recognize eminent danger or harm. Comp. at ¶33f; (3) "[k]nowingly and recklessly hir[ing] and train[ing] as agents and/or employee individuals who are not able to effectively determine eminent danger or harm which renders them unfit to perform the necessary duties of their position. Comp. at ¶33d;

At this stage in the proceedings, the Court finds that Plaintiff adequately pled a claim for Monell liability based on an official policy and/or failure to train. Therefore, the motion for judgment on the pleadings on this claim is **DENIED**.

**c. Substantive Due Process/Failure to Render Medical Treatment**

Plaintiff's Eighth and Fourteenth Amendment claims against Merpi and Jesperson are based on their use of deadly force against Thiel and their alleged failure to obtain medical treatment and/or provide care and treatment to Thiel after the

8

shooting. The claims against the City are based on the actions of Merpi and Jesperson, as well as the City's alleged failure to establish a custom or policy that was not deliberately indifferent to Thiel's rights and its failure to adequately train agents or employees to recognize eminent danger or harm. Defendants first said there was a fifteen minute delay between the shooting and arrival of medical treatment; the delay was later said to be seven minutes. In any event, Defendants say the delay does not rise to the extremely high standard required for Plaintiff to maintain this claim.

A duty to render medical care is generally thought of as arising under the Due Process Clause of the Fourteenth Amendment or the Eighth Amendment. See, e.g., *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 200, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989). Due process requires that police officers seek the necessary medical attention for a detainee when he or she has been injured while being apprehended by either promptly summoning the necessary medical help or by taking the injured detainee to a hospital. *Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 245, 103 S. Ct. 2979; 77 L. Ed. 2d 605 (1983).

That right is violated if an officer acts with deliberate indifference to a substantial risk of serious medical harm and resulting injuries. *Wagner v. Bay City*, 227 F.3d 316, 324 (5th Cir. 2000). Deliberate indifference requires that the official have subjective knowledge of the risk of harm. *Id*. "Mere negligence will not suffice, and 'deliberate indifference, i.e., the subjective intent to cause harm, cannot be inferred from a . . . failure to act reasonably.'" *Id*.

Plaintiff concedes that Merpi and Jesperson summoned EMS in a timely manner. But, Plaintiff says the many officers on the scene made no effort to assist Thiel or try to

9

staunch the flow of blood. Rather, Plaintiff says they allowed him to bleed to death in the snow. Plaintiff also says the EMS truck was temporarily blockaded and not allowed to reach Thiel until an "all clear" was called, and it had difficulty reaching Thiel due to the large presence of police vehicles on the scene. These allegations are not found in the Complaint.

The Complaint does allege that " . . . Thiel fell to the frozen ground and laid there until paramedics arrived without any medical assistance despite several uniform police officers arriving on the scene." Comp. at ¶18. It also alleges that Defendants "[f]ailed to determine the immediate need for medical attention and the close observation of a person detained and failed to obtain proper medical attention for a person who was detained whose dire condition was necessitated by the Defendants' actions." Comp. at ¶ 33c.

The Court finds these allegations sufficient to make out a plausible Substantive Due Process claim. See *Estate of Owensby v. City of Cincinnati*, 414 F.3d 596, 602-03 (6th Cir. 2005) (evidence viewed in light most favorable to plaintiff sustained a deliberate indifference to a serious medical need claim when there was a six minute delay between the time of the injury and the actual arrival of medical care); see also *Scozzari v. City of Clare*, 2010 U.S. Dist. LEXIS 39078, at *30-31 (E.D. Mich 2010) (plaintiff presented question of fact whether officers were deliberately indifferent to a known, life-threatening risk when they solicited witnesses to view the victim, resulting in a twelve-minute delay between shooting and medical care). Therefore, the motion for judgment on the pleadings on this claim is **DENIED**.

### d. Fourth Amendment Illegal Search and Seizure Claims

Plaintiff claims a violation of Fourth Amendment rights based on the warrantless search of Thiel's residence immediately after the shooting. Plaintiff complains the warrantless search was unjustified; there were no exigent circumstances as Thiel laid on the ground near death. Defendants say the warrantless entry was necessary and justified to protect the officers and third parties at the scene.

Warrantless entries are permitted where "exigent circumstances" exist. *Hancock v. Dodson*, 958 F.2d 1367, 1375 (6th Cir. 1992). Exigent circumstances exist where there are "'real immediate and serious consequences' that would certainly occur were a police officer to 'postpone[] action to get a warrant.'" *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 997 (6th Cir. 1994). (quoting *Welsh v. Wisconsin*, 466 U.S. 740, 751, 80 L. Ed. 2d 732, 104 S. Ct. 2091 (1984)).

The relevant inquiry is whether the facts are such that an objectively reasonable officer confronted with the same circumstances could reasonably believe that exigent circumstances existed. *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996). The court's inquiry is limited to whether exigent circumstances existed at the moment the police entered the residence. *United States v. Morgan*, 743 F.2d 1158, 1162 (6th Cir. 1984).

Three types of circumstances have traditionally been found to constitute exigent circumstances: "(1) when the officers were in hot pursuit of a fleeing suspect; (2) when the suspect represented an immediate threat to the arresting officers and public; (3) when immediate police action was necessary to prevent the destruction of vital evidence or thwart the escape of known criminals." *Hancock*, 958 F.2d at 1375.

When a search requires a warrant, the failure to satisfy the Fourth Amendment's

11

Warrant Clause makes the search "presumptively," if not *per se,* "unreasonable." *Baranski v. Fifteen Unknown Agents of the BATF*, 452 F.3d 433, 445 (6th Cir. 2006) (en banc). To satisfy the Reasonableness Clause, officers not only must obtain a valid warrant; they must also conduct the search in a reasonable manner. *Dalia v. United States*, 441 U.S. 238, 257, 99 S. Ct. 1682, 60 L. Ed. 2d 177 (1979). Even when a warrant is supported by probable cause, the subsequent search may still be challenged. *Baranski*, 452 F.3d at 445.

The Complaint alleges that: (1) "the Decedent was initially stopped for expired license plate tabs and both his vehicle and drivers license were already in the possession of the police officer who made the initial stop and/or under their control when the Decedent parked in the driveway to his home." Comp. at ¶46; (2) "the shooting took place on the front lawn/driveway area of decedent's residence and there was no reason to conduct a warrantless search of the residence and subsequently obtain a search warrant and conduct a second search of the premises in an attempt to validate the already conducted search." Comp. at ¶47; and (3) "said searches resulted in Defendants removing numerous items of personal property from the decedent's home with no relevance to the underlying police stop or the subsequent shooting." Comp. at ¶48.

While these allegations contain a number of conclusory statements, they also contain facts which raise a plausible claim for relief based on the non-existence of exigent circumstances for the first search or the unreasonableness of the second search. Therefore, the motion for judgment on the pleadings on this claim is **DENIED**.

### C. State Law Claims

### 1. Gross Negligence

Michigan courts do not allow a plaintiff to maintain a negligence claim for intentional actions. *VanVorous v. Burmeister*, 262 Mich. App. 467, 687 N.W.2d 132, 143 (Mich. Ct. App. 2004). There is no suggestion in the record that the shooting of Thiel was accidental. Officers Merpi and Jesperson admit that they intentionally aimed and fired at Thiel, and Plaintiff does not call this admission into question. Accordingly, Defendants Merpi and Jesperson are entitled to judgment on the pleadings with respect to the gross negligence claim. The motion on the gross negligence claim is **GRANTED**.

### 2. Battery

Generally, to recover for battery, a plaintiff must demonstrate a "willful and harmful or offensive touching of another person which results form an act intended to cause such a contact." *Espinoza v. Thomas*, 189 Mich. App. 110, 472 N.W.2d 16, 21 (1991). However, "government actors may find it necessary -- and are permitted -- to act in ways that would, under different circumstances, subject them to liability for an intentional tort." *VanVorous*, 687 N.W.2d at 142.

It is well settled in Michigan that a police officer may use reasonable force when making an arrest. *Id*. at 141. The force reasonably necessary to make an arrest is "the measure of necessary force that an ordinarily prudent and intelligent person, with the knowledge and in the situation of the arresting officer, would have deemed necessary. *Id*. Thus, the standard is an objective one under the circumstances. *Id*.

The analysis of Plaintiff's battery claim, therefore, tracks the analysis of the § 1983 Fourth Amendment claim discussed above. For the reasons stated above, the

motion for judgment on the pleadings as to the battery claim is **DENIED**.

### 3. Intentional Infliction of Emotional Distress

Although the Michigan Supreme Court has not recognized Intentional Infliction of Emotional Distress ("IIED") claims, the Sixth Circuit assumes that it will do so. *Andrews v. Prudential Sec., Inc.*, 160 F.3d 304, 309 (6th Cir. 1998). The elements of such a claim consist of "(1) extreme and outrageous conduct; (2) intent or recklessness; (3) causation; and (4) severe emotional distress." *Id.*

The Complaint alleges that Thiel was "shot multiple times by Officer Merpi and Officer Jesperson," and "without provocation on Thiel's part." Comp. at ¶ 17, 20. It also alleges that "Thiel fell to the frozen ground and laid there until paramedics arrived without any medical assistance despite several uniformed police officers arriving on the scene," Comp. at ¶ 18, and he "suffered great emotional and physical pain, humiliation, degradation, suffering and death" as a result. Comp. at ¶ 31.

These allegations make out a plausible claim of Intentional Infliction of Emotional Distress. Accordingly, Defendants motion for judgment on the pleadings is **DENIED** with respect to this claim.

## V. CONCLUSION

Defendants' Motion to Dismiss should be **GRANTED IN PART** and **DENIED IN PART**. The Court dismisses all claims against the Sterling Heights Police Department and the Gross Negligence claims against Merpi and Jesperson. The remaining claims proceed.

**IT IS ORDERED**.

/s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 10, 2010

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on August 10, 2010.

s/Linda Vertriest
Deputy Clerk